CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER, State Bar No. 193840
   *crowther@caldwell-leslie.com*
MICHAEL D. ROTH, State Bar No. 217464
   *roth@caldwell-leslie.com*
KIMBERLY M. SINGER, State Bar No. 279883
   *singer@caldwell-leslie.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Plaintiff Nicole, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NICOLE, INC.,<br><br>       Plaintiff,<br><br>       v.<br><br>B.L.K. INTERNATIONAL, INC., a California corporation; SANJAY KHULLAR, an individual; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) – (3)  Copyright Infringement, 17 U.S.C. § 501;**<br>**(4)  Vicarious and/or Contributory Copyright Infringement;**<br>**(5)  Trade Dress Infringement, 15 U.S.C. § 1125(a);**<br>**(6)  California Unfair Competition, Cal. Bus. & Prof. Code § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff NICOLE, INC. ("Nicole Lee"), for its causes of action against

2    Defendants B.L.K. INTERNATIONAL, INC., a California corporation, and

3    SANJAY KHULLAR, an individual (collectively, "Defendants"), hereby alleges as

4    follows:

5    ## NATURE AND SUMMARY OF ACTION

6    1.    Nicole Lee is a Los Angeles based handbag company.  It specializes in

7    creating handbags with unique and fashion forward designs, pushing the envelope in

8    fashion trends.  Drawing inspiration from New York's dynamic lifestyle and Los

9    Angeles' casual yet trendy street fashion, Nicole Lee has gained renown for its high-

10   end contemporary bags, which can be found in thousands of boutique shops

11   throughout the United States and abroad.

12   2.    This is a straightforward action for copyright and trade dress

13   infringement.  Under the names B.L.K. International, and Michael Michelle or

14   "MM," Defendants have manufactured, distributed, and/or sold handbags and

15   wallets that are blatant knock-offs of Nicole Lee's protected works.  Indeed,

16   Defendants have recently escalated their unlawful conduct, from stylistically

17   copying Nicole Lee's trade dress to blatantly copying Nicole Lee's copyrighted

18   artwork.

19   3.    Nicole Lee thus brings this action to protect its valuable rights and to

20   stop Defendants' infringing conduct.

21   ## PARTIES

22   4.    Plaintiff Nicole, Inc. is a California corporation with its principal place

23   of business at 1133 S. Boyle Ave., Los Angeles, California 90023.  Nicole, Inc.

24   owns the trademark "Nicole Lee" and manufactures and sells handbags, jewelry,

25   shoes, and accessories under the brand name Nicole Lee.

26   5.    Nicole Lee is informed and believes, and on that basis alleges that

27   Defendant B.L.K. International, Inc. ("BLK") is a California corporation with its

28   principal place of business at 2552 E. Olympic Blvd., Los Angeles, California

CALDWELL
LESLIE &
PROCTOR

90023.  Upon information and belief, BLK owns the brand names BLK and Michael Michelle, and manufactures and sells, among other things, the infringing wallets and handbags that are the subject of this action.

6.    Nicole Lee is informed and believes, and on that basis alleges that Defendant SANJAY KHULLAR ("Khullar") is the President of Defendant BLK. Nicole Lee further alleges on information and belief that the willful infringement in this action was done at Khullar's direction and control.

7.    Nicole Lee is informed and believes, and on that basis alleges that Defendants DOES 1 through 10 are either entities or individuals who have infringed Nicole Lee's intellectual property rights, by manufacturing, selling, or distributing infringing products, or are principals or supervisory employees of entities or individuals who have infringed Nicole Lee's intellectual property rights, by manufacturing, selling, or distributing infringing products.  The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Nicole Lee, who therefore sues these DOE defendants by fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when they have been ascertained.

8.    Nicole Lee is informed and believes, and on that basis alleges that at all relevant times each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining Defendants and was at all times acting within the scope of the agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including but not limited to, full knowledge of each and every violation of Nicole Lee's rights and the damages to Nicole Lee proximately caused thereby.

CALDWELL
LESLIE &
PROCTOR

## JURISDICTION AND VENUE

9.      The Court has jurisdiction over the subject matter of this action under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121, and Sections 1331, 1338(a), 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338 (a) and (b), and under principles of supplemental jurisdiction, 28 U.S.C. § 1367(a).

10.      Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b)(1), (b)(2), and 1400(a), in that Defendants BLK and Khullar reside in this District and a substantial part of the events giving rise to the claims occurred in and are directed from this District.

## FACTUAL ALLEGATIONS

11.      Nicole Lee is a manufacturer of originally designed handbags, jewelry, shoes, and accessories.  Its signature line of handbags is instantly recognizable and can be found in boutique shops throughout the United States and in foreign cities known for their fashion, such as Paris, Tokyo, Madrid, and Barcelona.

12.      As discussed in detail below, Nicole Lee holds various copyrights related to the artwork and features of its handbags.

13.      Nicole Lee also holds registered and common law trademarks in the Nicole USA logo and other features of its handbags, including its metal emblems and nameplates:

  

14.      For many years, Nicole Lee has been marketing, distributing, offering for sale and selling handbags and related accessories bearing its copyrighted artwork and logos.

15.      Nicole Lee has expended substantial time and energy in developing its line into a widely recognized unique brand of handbags with substantial goodwill and a worldwide client base.  Nicole Lee's handbags have been featured in popular

CALDWELL
LESLIE &
PROCTOR

-3-

1  and influential fashion magazines, including but not limited to *Allure*, *Lucky*,
2  *Glamour*, *Cosmopolitan*, *O*, *People¸* and *Fashion*.  They have also been displayed at
3  numerous tradeshows and runway shows, and have been affiliated with the popular
4  television program *Dancing With The Stars*.

5  **NICOLE LEE'S COPYRIGHTED ARTWORK**

6  16.    Nicole Lee holds copyrights in the following original two-dimensional
7  artwork (collectively, the "NL Copyrighted Artwork"):

8

| **Registration** | **Common Name** |
| --- | --- |
| (1)  Copyright VA 1-879-224 (Ex. A) | Marina Design |
| (2)  Copyright VA 1-879-483 (Ex. B) | City Look Design |
| (3)  Copyright VA 1-879-239 (Ex. C) | Bicycle Design |
| (4)  Copyright VA 1-815-902 (Ex. D) | Clock Tower Design |
| (5)  Copyright VA 1-815-902 (Ex. D) | Telephone Booth |
| (6)  Copyright VA 1-879-233 (Ex. E) | Sandra Design |
| (7)  Copyright VA 1-892-243 (Ex. F) | Shopping Girl Design |

16  17.    Nicole Lee registered the NL Copyrighted Artwork with the United
17  States Copyright Office on the following dates: (1) Marina Design—September  30,
18  2013; (2) City Look Design—September 13, 2013; (3) Bicycle Design—September
19  13, 2013; (4) Clock Tower Design—May 23, 2012; (5) Telephone Booth Design –
20  May 23, 2013; (6) Sandra Design—September 30, 2013; and (7) Shopping Girl
21  Design—December 9, 2013.

22  18.    Prior to the acts complained of herein, Nicole Lee sold handbags
23  bearing the NL Copyrighted Artwork to consumers, retailers, and distributors in the
24  fashion and apparel industries.

25  19.    Nicole Lee's handbags bearing the NL Copyrighted Artwork are
26  readily available to the public, including to Defendants, on Nicole Lee's website, on
27  third-party websites, in catalogues, in newspapers, in magazines and other
28  marketing outlets, and at trade shows.

CALDWELL
LESLIE &
PROCTOR

## NICOLE LEE'S TRADE DRESS

20.    Nicole Lee manufactures and sells a line of handbags utilizing various combinations of its copyrighted works, trademarked logos, nameplates, and distinctive design characteristics (the "NL Designs"). For example, its "Sandra" design is utilized on business totes, satchels, handbags, and wallets, and variously combines the Sandra copyright with Nicole Lee's other design characteristics:



21.    The NL Designs, including without limitation the total image and appearance reflected in such features as the size, shape, color or color combinations, product design, texture, and selection and arrangement of materials and accessories, are distinctive and nonfunctional (the "NL Trade Dress").

22.    The NL Trade Dress additionally consists of using a combination of (1) An artistic depiction of a stylish woman; and (2) one or more of the other following elements associated with Nicole Lee:

    a.  A foreign cityscape or leopard print background;

    b.  A circular logo, consisting of an outer and inner circle, with initials and/or the brand name (often printed on the handbag and/or displayed on a vellum hang tag);

    c.  A rectangular nameplate with rounded ends and the brand name written in red (which may be placed on leather background);

    d.  A pyramid-shaped lock with the brand name in red;

    e.  Leather trim with studs;

    f.  Faux animal print around zippers, on trim, on buckles, or as adornment;

    g.  Beige lining with small graphics and brand name in the following design:  line drawings of objects, dessert food items, coffee drinks,

1    handbags and other accessories; interspersed with the brand name in

2    various fonts; and with the images and name highlighted intermittently

3    with red and blue accents; and

4    h.  The face of a lion.

5   23. The appearance, nature, and mood of the NL Trade Dress is of such an

6 unusual design that a customer would immediately rely on it to ascertain the source

7 of the product.

8   24. The NL Trade Dress is readily available to the public on Nicole Lee's

9 website, on third-party websites, in catalogues, in newspapers, in magazines and

10 other marketing outlets, and at trade shows.

11   25. Based on the sales and marketing of the NL Designs, the NL Trade

12 Dress has developed a secondary meaning and significance in the minds of the

13 purchasing public, and the NL Designs, and NL Trade Dress are immediately

14 identified by the public with Nicole Lee.

15   **DEFENDANTS' COPYRIGHT AND TRADE DRESS INFRINGEMENT**

16   26. Until recently, BLK's handbags sold under the brand name "Michael

17 Michelle" did not resemble Nicole Lee's handbags and they utilized a trademarked

18 laurel wreath logo ("MM Laurel Wreath Logo") that bears no resemblance to Nicole

19 Lee's trademarked logos:

20

21

22

23   27. In or about October 2014, BLK circulated linesheets to its customers

24 soliciting orders of its recent collection of handbags, wallets and related accessories.

25 Included in the linesheets were images of BLK's products bearing printed designs

26 that appeared substantially similar to Nicole Lee's recent designs, including designs

27 that included the NL Trade Dress.

28

CALDWELL
LESLIE &
PROCTOR

-6-

28.     Indeed, a simple comparison of the NL Designs and Defendants' infringing products (the "Infringing Designs") demonstrates the confusion being created in the marketplace by BLK's substantially similar handbags:

| NL Design | Infringing Design |
|---|---|
| Copyright VA 1-879-233 (Sandra Design)  |  |
| Copyright VA 1-892-243 (Shopping Girl Design)  |  |
| Copyright VA 1-815-902 (Clock Tower & Telephone Booth Design)  |  |

29.     Furthermore, on its new handbags, BLK had replaced its registered MM Laurel Wreath Logo with a new unregistered circular logo, consisting of the

initials "MM" within the inner circle of a double circle (the "MM Circular Logo"). The new unregistered MM Circular Logo is confusingly similar to Nicole Lee's trademarked circular logo:

| **NL Circular Logo** | **MM Circular Logo** |
|---|---|
|  |  |

30.    In fact, upon information and belief, Defendants replaced the MM Laurel Wreath Logo with the infringing MM Circular Logo only *after* Defendants began to copy Nicole Lee's handbag designs.

31.    Defendants' use of a copy or colorable imitation of the NL Designs and NL Trade Dress has been without Nicole Lee's consent, is likely to cause confusion and mistake in the minds of the purchasing public, and has damaged and is damaging Nicole Lee's valuable intellectual property rights by creating the false impression that Defendants and/or Defendants' Infringing Designs are authentic NL Designs, or are authorized, sponsored, or approved by Nicole Lee, when in fact, they are not.

32.    Nicole Lee is informed and believes, and on that basis alleges that Defendants have infringed, are infringing, and unless stopped will continue to infringe the NL Trade Dress by advertising, distributing, selling, and/or offering for sale unauthorized products that unlawfully copy or imitate the unique, distinctive, and non-functional trade dress of the NL Designs.

33.    After learning about BLK's infringing activities, Nicole Lee reached out to BLK to discuss BLK's trade dress infringement.  Nicole Lee informed BLK

that it was actively enforcing its rights in a similar dispute with another manufacturer of handbags and accessories, and demanded that BLK cease and desist its trade dress infringement.

34.     Rather than resolve these issues with Nicole Lee, BLK escalated its conduct.  In early 2015, BLK circulated new linesheets with its latest collection, which contained handbags, wallets and related accessories displaying designs identical to the NL Copyrighted Artwork.  Specifically, BLK's linesheets depicted handbags bearing copies of three of Nicole Lee's copyrighted works, including the (1) Marina Design, (2) City Look Design, and (3) Bicycle Design (the "Infringing Copyrighted Artwork").

35.     Indeed, from the comparison of the NL Copyrighted Artwork (left) and the Infringing Copyrighted Artwork (right) set forth below, it is readily apparent that the elements, composition, arrangement, layout, and appearance of the works of art are virtually identical, strikingly similar, or at a minimum, substantially similar:

| NL Copyrighted Artwork | Infringing Copyrighted Artwork |
|---|---|
| Copyright VA 1-879-224 (Marina Design)   |   |

CALDWELL
LESLIE &
PROCTOR

| Copyright VA 1-879-239 (City Look Design) | |
|---|---|
|  |  |
| Copyright VA 1-879-483 (Bicycle Design) | |
|  |  |

36.     BLK's linesheets also depicted handbags bearing copies of the female model from Nicole Lee's City Look Design.  As shown below, on at least one handbag, BLK lifted the exact image of one of Nicole Lee's female models from the City Look Design:



37.    In fact, during the week of March 2, 2015, representatives from Nicole Lee were at the ASD Market Week trade show in Las Vegas and viewed products at BLK's booth, and many of the Michael Michelle handbags on display were virtually identical to Nicole Lee's copyrighted artwork and designs.

38.    BLK's handbags and wallets are of an inferior quality to, and sell for significantly less than, authentic Nicole Lee bags and wallets.

39.    Defendants' exact copying of the NL Copyrighted Artwork and use of the MM Circular Logo in lieu of the Nicole Lee circular logo is intentional, malicious and a willful infringement of Nicole Lee's intellectual property rights.

40.    Nicole Lee is informed and believes, and on that basis alleges that without Nicole Lee's authorization, Defendants, and each of them, have, are, and will continue to advertise, purchase, sell, manufacture, cause to be manufactured, import and/or distribute their unauthorized products in this judicial district and throughout the United States.

41.    Nicole Lee is informed and believes, and on that basis alleges that Defendants, and each of them, have committed willful and intentional infringement of the NL Trade Dress and NL Copyrighted Artwork with actual or constructive knowledge of Nicole Lee's rights and/or in blatant disregard for Nicole Lee's rights.

42.    With full knowledge that Nicole Lee's works include protected intellectual property, Defendants have copied Nicole Lee's protected copyrights and trade dress and have damaged Nicole Lee in an amount to be proved at trial, but believed to be in excess of $1,000,000.00.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement of "Marina Design" Against All Defendants)

43.    Nicole Lee incorporates by reference each and every allegation contained in paragraphs 1 through 42 above.

44.    On September 30, 2013, Nicole Lee obtained a registered copyright in the Marina Design, Copyright VA 1-879-224.  (*See* Exhibit A.)

CALDWELL
LESLIE &
PROCTOR

45.    Defendants have unlawfully reproduced, distributed, displayed, created derivative works from, and/or otherwise copied the Marina Design since 2014.

46.    Nicole Lee is informed and believes, and on that basis alleges that Defendants had access to the Marina Design, including without limitation, through (a) Nicole Lee's retail and online stores; (b) Nicole Lee's linesheets and e-mails; (c) catalogues and newspapers; (d) trade shows and fashion shows where the Marina Design was displayed; (e) Nicole Lee's strike-offs and samples; and (f) handbags being sold in the marketplace bearing the Marina Design.

47.    Defendants' infringing Marina Design is composed of elements, composition, arrangement, layout, and appearance that is identical, strikingly similar, or at least substantially similar to Nicole Lee's Marina Design.

48.    Nicole Lee is informed and believes, and on that basis alleges that without Nicole Lee's authorization, Defendants reproduced, distributed, and/or sold handbags or other products bearing an infringing Marina Design through a network of wholesale distributors, retail stores, and online outlets.

49.    Due to Defendants' acts of infringement, Nicole Lee has no adequate remedy at law and is entitled to injunctive relief pursuant to 17 U.S.C. § 502(a) and impoundment of infringing goods pursuant to 17 U.S.C. § 503(a).

50.    Due to Defendants' acts of infringement, Nicole Lee has suffered substantial damages to its business, including having suffered general and special damages, in an amount to be established at trial.

51.    Due to Defendants' acts of infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for the infringement of Nicole Lee's Marina Design.  Nicole Lee is thus entitled to disgorgement of Defendants' profits directly and indirectly attributable to the infringement of the Marina Design in an amount to be established at trial.

52.    Nicole Lee is informed and believes, and on that basis alleges that Defendants' acts of infringement were, and continue to be, willful, intentional and

CALDWELL
LESLIE &
PROCTOR

-12-

1  malicious, subjecting Defendants, and each of them, to liability for statutory

2  damages under Section 504(c)(2) of the Copyright Act in the sum of up to one

3  hundred fifty thousand dollars ($150,000) per infringement of the Marina Design.

4       53.    Nicole Lee is also entitled to recover its attorneys' fees and costs

5  pursuant to 17 U.S.C. § 505.

6  **SECOND CLAIM FOR RELIEF**

7  (Copyright Infringement of "City Look Design" Against All Defendants)

8       54.    Nicole Lee incorporates by reference each and every allegation

9  contained in paragraphs 1 through 42 above.

10       55.    On September 13, 2013, Nicole Lee obtained a registered copyright in

11  the City Look Design, Copyright No. VA 1-879-483.  (*See* Exhibit B.)

12       56.    Defendants have unlawfully reproduced, distributed, displayed, created

13  derivative works from, and/or otherwise copied the City Look Design since 2014.

14       57.    Nicole Lee is informed and believes, and on that basis alleges that

15  Defendants had access to the City Look Design, including without limitation,

16  through (a) Nicole Lee's retail and online stores; (b) Nicole Lee's linesheets and e-

17  mails; (c) catalogues and newspapers; (d) trade shows and fashion shows where the

18  City Look Design was displayed; (e) Nicole Lee's strike-offs and samples; and

19  (f) handbags being sold in the marketplace bearing the City Look Design.

20       58.    Defendants' infringing City Look Design is composed of elements,

21  composition, arrangement, layout, and appearance that is identical, strikingly

22  similar, or at least substantially similar to Nicole Lee's City Look Design.

23       59.    Nicole Lee is informed and believes, and on that basis alleges that

24  without Nicole Lee's authorization, Defendants reproduced, distributed, and/or sold

25  handbags or other products bearing an infringing City Look Design through a

26  network of wholesale distributors, retail stores, and online outlets.

27

28

CALDWELL
LESLIE &
PROCTOR

60.     Due to Defendants' acts of infringement, Nicole Lee has no adequate remedy at law and is entitled to injunctive relief pursuant to 17 U.S.C. § 502(a) and impoundment of infringing goods pursuant to 17 U.S.C. § 503(a).

61.     Due to Defendants' acts of infringement, Nicole Lee has suffered substantial damages to its business, including having suffered general and special damages, in an amount to be established at trial.

62.     Due to Defendants' acts of infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for the infringement of Nicole Lee's City Look Design.  Nicole Lee is thus entitled to disgorgement of Defendants' profits directly and indirectly attributable to the infringement of the City Look Design in an amount to be established at trial.

63.     Nicole Lee is informed and believes, and on that basis alleges that Defendants' acts of infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement of the City Look Design.

64.     Nicole Lee is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**THIRD CLAIM FOR RELIEF**

(Copyright Infringement of "Bicycle Design" Against All Defendants)

65.     Nicole Lee incorporates by reference each and every allegation contained in paragraphs 1 through 42 above.

66.     On September 13, 2013, Nicole Lee obtained a registered copyright in the Bicycle Design, Copyright No. VA 1-879-239.  (*See* Exhibit C.)

67.     Defendants have unlawfully reproduced, distributed, displayed, created derivative works from, and/or otherwise copied the Bicycle Design since 2014.

68.     Nicole Lee is informed and believes, and on that basis alleges that Defendants had access to the Bicycle Design, including without limitation, through

CALDWELL
LESLIE &
PROCTOR

-14-

(a) Nicole Lee's retail and online stores; (b) Nicole Lee's linesheets and e-mails; (c) catalogues and newspapers; (d) trade shows and fashion shows where the Bicycle Design was displayed; (e) Nicole Lee's strike-offs and samples; and (f) handbags being sold in the marketplace bearing the Bicycle Design.

69.    Defendants' infringing Bicycle Design is composed of elements, composition, arrangement, layout, and appearance that is identical, strikingly similar, or at least substantially similar to Nicole Lee's Bicycle Design.

70.    Nicole Lee is informed and believes, and on that basis alleges that without Nicole Lee's authorization, Defendants reproduced, distributed, and/or sold handbags or other products bearing an infringing Bicycle Design through a network of wholesale distributors, retail stores, and online outlets.

71.    Due to Defendants' acts of infringement, Nicole Lee has no adequate remedy at law and is entitled to injunctive relief pursuant to 17 U.S.C. § 502(a) and impoundment of infringing goods pursuant to 17 U.S.C. § 503(a).

72.    Due to Defendants' acts of infringement, Nicole Lee has suffered substantial damages to its business, including having suffered general and special damages, in an amount to be established at trial.

73.    Due to Defendants' acts of infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for the infringement of Nicole Lee's Bicycle Design.  Nicole Lee is thus entitled to disgorgement of Defendants' profits directly and indirectly attributable to the infringement of the Bicycle Design in an amount to be established at trial.

74.    Nicole Lee is informed and believes, and on that basis alleges that Defendants' acts of infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement of the Bicycle Design.

CALDWELL
LESLIE &
PROCTOR

75.    Nicole Lee is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## FOURTH CLAIM FOR RELIEF

(Contributory and/or Vicarious Copyright Infringement Against All Defendants)

76.    Nicole Lee repeats and realleges each and every allegation contained in paragraphs 1 through 75 above as if fully set forth herein.

77.    Nicole Lee is informed and believes, and on that basis alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of products featuring the Infringing Copyrighted Artwork.

78.    Nicole Lee is informed and believes, and on that basis alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

79.    Due to Defendants' acts of infringement, Nicole Lee has no adequate remedy at law and is entitled to injunctive relief pursuant to 17 U.S.C. § 502(a) and impoundment of infringing goods pursuant to 17 U.S.C. § 503(a).

80.    By reason of the Defendants' acts of contributory and vicarious infringement, Nicole Lee has suffered and will continue to suffer substantial damages to its business, as well as additional general and special damages, in an amount to be established at trial.

81.    Due to Defendants' acts of infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for the infringement of Nicole Lee's copyrights.  Nicole Lee is thus entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Nicole Lee's copyrights in an amount to be established at trial.

CALDWELL
LESLIE &
PROCTOR

82.     Nicole Lee is informed and believes, and on that basis alleges that Defendants' acts of infringement were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement of each registered copyrighted work.

83.     Nicole Lee is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## FIFTH CLAIM FOR RELIEF

(Trade Dress Infringement Against All Defendants)

84.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 83 above.

85.     The NL Trade Dress, as described above, is nonfunctional.

86.     For many years, Nicole Lee has used the NL Trade Dress in interstate commerce to identify the source of its products, and in particular, the NL Designs, and to distinguish its products from others by prominently displaying the NL Trade Dress in advertising, promotional literature, and on display materials.  Through this extended use and association, the NL Trade Dress has acquired a strong consumer awareness and secondary meaning.

87.     Nicole Lee is informed and believes, and on that basis alleges, that commencing at some time unknown to Nicole Lee, and without Nicole Lee's consent, Defendants have manufactured, advertised, offered for sale, and have engaged in the sale and distribution of products bearing the NL Trade Dress, and have marketed products confusingly similar to the NL Designs and have profited from their conduct.

88.     Defendants' products are substantially indistinguishable from and a blatant and obvious imitation of the NL Trade Dress.  The NL Trade Dress and the

CALDWELL
LESLIE &
PROCTOR

-17-

1  appearance of Defendants' handbags, create the same general overall impression
2  and have the same "look and feel."

3        89.    Nicole Lee is informed and believes, and on that basis alleges, that the
4  similarities between the NL Trade Dress and the appearance of Defendants'
5  products are not a mere coincidence, and the Infringing Designs were designed
6  intentionally to mimic the NL Trade Dress and NL Designs, with the intention to
7  create the false impression that Defendants' products are associated with and
8  emanate from Nicole Lee.

9        90.    Defendants have without permission, willfully, and with the intention
10  of benefiting from the reputation and good will of Nicole Lee, imitated *inter alia* the
11  shape, coloring, font, size, style, layout, design, and appearance of the NL Trade
12  Dress elements.

13        91.    There is thus a substantial likelihood of confusion to consumers
14  between the NL Trade Dress and NL Designs, on the one hand; and Defendant's
15  products and advertising, on the other hand.  As a consequence, Defendants'
16  Infringing Designs are likely to deceive and divert customers away from Nicole
17  Lee's genuine products.

18        92.    Defendants' conduct constitutes trade dress infringement in violation of
19  Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).  As a direct and proximate
20  result of the willful and wanton conduct of Defendants, Nicole Lee has been injured
21  and will continue to suffer irreparable injury to its business and reputation unless
22  Defendants are restrained by this Court from infringing the NL Trade Dress.

23        93.    Nicole Lee has no adequate remedy at law and is entitled to injunctive
24  relief pursuant to 15 U.S.C. § 1116(a).

25        94.    Nicole Lee is entitled to recover its actual damages and Defendants'
26  profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. §
27  1117(a); and impoundment and destruction of all infringing goods pursuant to
28  15 U.S.C. § 1118.

CALDWELL
LESLIE &
PROCTOR

95.    Nicole Lee is also entitled to recover its attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

### SIXTH CLAIM FOR RELIEF

(Cal. Bus. & Prof. Code §§ 17200, *et seq*., Against All Defendants)

96.    Nicole Lee repeats and realleges each and every allegation contained in paragraphs 1 through 95 above as if fully set forth herein.

97.    California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200, *et seq*., prohibits any unlawful, unfair, or fraudulent business act or practice, and  unfair, deceptive, untrue or misleading advertising.

98.    Through Nicole Lee's extensive use of its copyrights, trademarks, and designs, its NL Trade Dress has become famous and well-known indicators of the origin and quality of goods sold by Nicole Lee.

99.    Defendants have used and are using the Infringing Designs in connection with the advertising and selling of goods in an unlawful, unfair and fraudulent manner so as to create a likelihood of confusion among prospective purchasers as to the source of goods, which has damaged, impaired, and diluted the goodwill of Nicole Lee and caused immediate and irreparable damages.

100.    Defendants' circulation of its linesheets and other conduct constitutes a fraudulent business practice and unfair, deceptive, untrue or misleading advertising.

101.    Defendants use of the MM Circular Logo in connection with its infringement of Nicole Lee's trade dress and copyrights is an unlawful, unfair or fraudulent business practice, which has damaged, impaired, and diluted the goodwill of Nicole Lee and caused immediate and irreparable damages.

102.    The aforesaid conduct of Defendants constitute unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

103.    Defendants' conduct is causing immediate and irreparable injury to Nicole Lee and will continue both to damage Nicole Lee and deceive the public until enjoined by this Court.  Nicole Lee has no adequate remedy at law.

CALDWELL
LESLIE &
PROCTOR

104.   Upon information and belief, Defendants have received substantial revenues and substantial profits arising out of their acts of unfair competition to which they are not entitled, and Nicole Lee has also suffered an injury in fact, and lost money or property as a result of Defendants' acts of unfair competition, for which Defendants are responsible.

105.   Defendants unlawful, unfair and fraudulent business acts or practices entitle Nicole Lee to the remedies available under the UCL, including injunctive relief, restitution, and such other and further relief as the Court may deem proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Nicole Lee respectfully requests that the Court enter judgment against Defendants as follows:

1.     Directing that Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, be immediately and permanently enjoined from infringing Nicole Lee's copyrights in any manner;

2.     That Nicole Lee be awarded all damages it has sustained or will sustain by reason of Defendants' infringement of the Marina, City Look, and Bicycle Designs as allowed by 17 U.S.C. § 504, or, in Nicole Lee's discretion, statutory damages pursuant to 17 U.S.C. § 504(c) of up to $150,000 per infringement of the Marina, City Look, and Bicycle Designs, and that all infringing goods be impounded and destroyed pursuant to 17 U.S.C. § 503(a).

3.     Directing that Defendants, their officers, directors, agents, representative, successors or assigns, and all persons acting in concert or in participation with any of them, be immediately and permanently enjoined from infringing the NL Trade Dress in any manner;

4.     That Nicole Lee be awarded all damages it has sustained or will sustain by reason of Defendants' acts of trade dress infringement, that such sums be trebled

CALDWELL
LESLIE &
PROCTOR

1 pursuant to 15 U.S.C. § 1117, and that all infringing goods be impounded and

2 destroyed pursuant to 15 U.S.C. § 1116(a);

3      5.    That Nicole Lee be awarded all of Defendants' profits from its acts and

4 omissions as alleged above, according to proof at trial;

5      6.    Directing that Defendants, their officers, directors, agents,

6 representative, successors or assigns, and all persons acting in concert or in

7 participation with any of them, be immediately and permanently enjoined from

8 engaging in any unlawful, unfair, or fraudulent business act or practice, and any

9 unfair, deceptive, untrue or misleading advertising;

10      7.    That Nicole Lee be awarded full and complete restitution, and any

11 other amounts that are recoverable under Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

12      8.    That Nicole Lee be awarded exemplary and punitive damages to deter

13 any further willful infringement as the Court finds appropriate;

14      9.    That Nicole Lee be awarded its reasonable attorneys' fees pursuant to

15 15 U.S.C. §1117(a) and 17 U.S.C. § 505, or as may otherwise be awardable;

16     10.    That Nicole Lee be awarded the costs of this action and pre-judgment

17 interest as allowed by law; and

18     11.    That Nicole Lee be awarded any other and further relief as this Court

19 deems just and proper.

20

21 DATED:  March 13, 2015         CALDWELL LESLIE & PROCTOR, PC

22                                   ROBYN C. CROWTHER

                                  MICHAEL D. ROTH

23                                   KIMBERLY M. SINGER

24

25

26                     By       /s/ Robyn C. Crowther

27                         ROBYN C. CROWTHER

                    Attorneys for Plaintiff Nicole, Inc.

28

CALDWELL
LESLIE &
PROCTOR

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Nicole, Inc. hereby demands a trial by jury in this matter.

DATED:  March 13, 2015                CALDWELL LESLIE & PROCTOR, PC
                                      ROBYN C. CROWTHER
                                      MICHAEL D. ROTH
                                      KIMBERLY M. SINGER


                                      By  _____/s/ Robyn C. Crowther_____
                                           ROBYN C. CROWTHER
                                      Attorneys for Plaintiff Nicole, Inc.

CALDWELL
LESLIE &
PROCTOR

-22-